IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ARMANDO FLORES VASQUEZ,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CR NO. 13-00443 DKW<br>CV NO. 15-00482 DKW-KSC<br><br>**ORDER DENYING VASQUEZ'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

**ORDER DENYING VASQUEZ'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Pursuant to a plea agreement, Petitioner Armando Vasquez, pled guilty to, and was sentenced for, conspiracy to distribute and to possess with the intent to distribute 53 pounds of methamphetamine in violation of Title 21, United States Code, Sections 841 and 846.  Vasquez seeks to vacate his sentence pursuant to 28 U.S.C. § 2255, notwithstanding a waiver provision in his plea agreement that prohibits appeals and collateral attacks in most circumstances.  After careful consideration of Vasquez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion"), the record, and the relevant legal authority, Vasquez's § 2255 Motion is DENIED as barred by the terms of his plea agreement with the United States.

# BACKGROUND

## I.    Indictment & Guilty Plea

Vasquez was one of three defendants charged with conspiracy to distribute and to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).  Dkt. No. 1.

On December 19, 2013, Vasquez entered a plea of guilty to the charged conspiracy.  Dkt. No. 140-1, Gov't Exh. A.  The factual basis for the plea, to which Vasquez expressly admitted, was set forth in a Memorandum of Plea Agreement ("Plea Agreement").  *Id*. at ¶ 8.  Vasquez acknowledged that the penalties for the offense to which he pled guilty included "up to life imprisonment" and a "minimum term of imprisonment of ten years."  *Id*. at ¶ 7(a) & (b).

Relevant to the issue before the Court, Vasquez expressly waived his right to appeal or otherwise challenge his sentence, except under limited circumstances:

> 12.    The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution this plea agreement.

      a.      The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.      If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) or varies upward from the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

*Id.* at ¶ 12(a) & (b).

Similarly, Vasquez "surrender[ed] his right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that [Vasquez] perceive[d] to be an incorrect application of the Guidelines." *Id.* at ¶ 13. In addition, Vasquez acknowledged that "no threats, promises, or representations [had] been made, nor agreement reached, other than those set forth in [the Plea] Agreement, to induce [Vasquez] to plead guilty." *Id.* at ¶ 17.

During the December 19, 2013 plea proceeding, Vasquez was represented by counsel and had a Spanish interpreter available to him. Dkt. No. 140-2, Gov't Exh. B, Tr. at 2. Vasquez acknowledged during the plea colloquy that he understood and had spoken with his attorney about the Plea Agreement:

> THE COURT: I understand, based on Mr. Harrison's statement earlier, that you have read the plea agreement in this case in full, either in English, if you understood it, or in Spanish, to the extent you needed Spanish translation?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you confident, Mr. Vasquez, that you understand all of the terms of the plea agreement?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you had an opportunity to discuss the plea agreement with your counsel?
>
> THE DEFENDANT: Yes.

Gov't Exh. B, Tr. at 8.

Vasquez further acknowledged that the Plea Agreement reflected his entire agreement with the Government and that the Government had not made any promises to him that were not contained in the agreement. *Id*. at 9. As to his sentence, Vasquez acknowledged that the maximum term of imprisonment was life and that there was a mandatory minimum term of ten years. *Id*. at 7-8. The prosecutor made clear that there was no provision in the agreement for cooperation. *Id.* at 13. At the conclusion of its colloquy, the Court found that Vasquez "understands the factors that the Court will consider in imposing a sentence, including the maximum possible punishment and the mandatory minimum." *Id*. at 28.

## II. <u>Sentencing</u>

On November 12, 2014, the Court sentenced Vasquez to a term of imprisonment of 109 months. Gov't Exh. E, Tr. at 24; Dkt. No. 104. The Court did not impose a fine, but did impose five years' supervised release and a mandatory $100 special assessment. *Id*.

Based on the applicable guidelines, and after acceptance of responsibility, Vasquez's Total Offense Level was 31. *Id*. at 9. Because Vasquez fell into criminal history category II, the applicable term of imprisonment under the guidelines was 121-151 months. *Id*. However, because the Court granted the Government's motion for a downward departure based upon Vasquez's substantial assistance and Section 5K1.1 of the guidelines, the Court departed below the statutory minimum and accepted the Government's recommendation of a 109-month term of imprisonment. Dkt. No. 102.

Judgment was entered on November 14, 2014, and Vasquez did not appeal. Dkt. No. 105.

## III. <u>Motion to Vacate Sentence Under 28 U.S.C. § 2255</u>

On November 10, 2015, Vasquez filed the instant motion pursuant to 28 U.S.C. § 2255. Vasquez alleges the following three grounds for relief: (1) that his guideline range was incorrectly calculated; (2) that he was promised, but did not receive, leniency; and (3) that he was induced by the Government (via the

undercover investigator) to commit the drug offense for which he was charged. Dkt. No. 136.

On December 24, 2015, the Government filed its response to Vasquez's motion.  Dkt. No. 140.  On January 11, 2016, Vasquez filed his reply.  Dkt. No. 143.  Thereafter, the parties exchanged and filed supplemental letter briefs with the Court.  *See* Dkt. Nos. 144 and 145.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence."  28 U.S.C. § 2255(a).  The statute authorizes the sentencing court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  *Id.*

In addition, the court shall hold an evidentiary hearing on a petitioner's motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]"  28 U.S.C. § 2255(b).  The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be

granted. *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). In other words, "[a] hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Id.*

## DISCUSSION

I. **Vasquez's Collateral Attack is Barred by the Terms of his Plea Agreement**

As set forth below, Vasquez's collateral attack on his sentence is barred by the terms of his Plea Agreement.

A knowing and voluntary waiver of the right to appeal and collaterally attack a conviction and sentence contained within a plea agreement is enforceable if: (1) the language of the waiver encompasses the basis of defendant's subsequent challenge, and (2) the waiver was knowingly and voluntarily made. *U.S. v. Navarro-Botello*, 912 F.2d 318, 319 (9th Cir. 1990); *see United States v. Joyce*, 357 F.3d 921, 922-23 (9th Cir. 2004); *United States v. Rodriguez*, 360 F.3d 949, 959 (9th Cir. 2004). A plea agreement that states that a defendant "knowingly and willfully waives" his right to appeal or collaterally attack a sentence "is unmistakable, and cannot be made ambiguous through extrinsic evidence of prior negotiations." *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000).

Based on the totality of the record, the Court finds that Vasquez knowingly and voluntarily waived his right to collaterally attack his conviction and sentence.

The Plea Agreement, signed by Vasquez, clearly recites his waiver, which provides that Vasquez "waives his right to challenge his sentence or the manner in which it was determined in any collateral attack," with only two limited exceptions. Those exceptions, neither of which is applicable here, are in play: (1) if the Court departs or varies upward from the guideline range the Court determines to be applicable, and the challenge is to that portion of the sentence; or (2) if defendant's claim is based on the ineffective assistance of counsel. Because Vasquez does not base his § 2255 Motion on either of these two limited exceptions,[1] the Court finds that the Plea Agreement's waiver language encompasses the grounds upon which Vasquez relies to collaterally attack his sentence.

Equally important, Vasquez waived his rights knowingly and voluntarily. As previously stated, the Plea Agreement clearly recites the waiver in writing. Gov't Exh. A at ¶ 12. Further, during the December 19, 2013 plea colloquy, at the Court's request, the Government specifically described the very Plea Agreement paragraph now at issue – the waiver provision in Paragraph 12. Gov't Exh. B, Tr. at 12-15. Vasquez acknowledged that he had read all of the terms of the Plea Agreement, was "confident" that he understood them, and had the opportunity to discuss those terms with his attorney. *Id.* at 8-9. Defense counsel then confirmed that in his estimation, Vasquez understood the terms of the Plea Agreement, all of

---

[1] Indeed, Vasquez could not argue that Exception 1 applied, since the Court departed downward, not upward.

which contributed to the Court's finding that Vasquez was entering a "knowing and voluntary plea of guilty to the single count in the indictment without coercion, force, or threat." *Id.* at 6, 8-9, 28.  Even now, Vasquez neither disputes, nor attempts to disavow, that he knowingly and voluntarily entered into a binding Plea Agreement with the Government.

In sum, Vasquez's § 2255 Motion is procedurally defective because Vasquez seeks to challenge what is among the issues he agreed to waive.[2]  The Court further concludes that an evidentiary hearing is not required because Vasquez's

---

[2]Even if considered on the merits, Vasquez's § 2255 Motion is without basis:

- Vasquez baldly asserts that the Court did not have either the Presentence Investigation Report or his November 5, 2014 Supplemental Sentencing Memorandum at the time of his November 12, 2014 sentencing.  *See* Dkt. No. 136 at 5.  There is no basis, and certainly no evidence, in support of this statement.  To the contrary, the Court had read and considered both at the time of sentencing, and as noted in the sentencing transcript, even considered character reference letters that it had been provided that very day.  *See* Gov't Exh. E, Tr. at 24.
- Nor was Vasquez eligible for the safety valve, due in part to his criminal history score of 2.  *See* 18 U.S.C. § 3553(f)(1) (requiring that "the defendant . . . not have more than 1 criminal history point"); Gov't Exh. E, Tr. at 3-9.  In his § 2255 Motion, Vasquez does not contest his criminal history score and, therefore, whatever other claims he may have had to the contrary, he could not have received a downward adjustment under the guidelines based on the safety valve.
- Vasquez claims that his cooperation did not lead to "leniency."  That defies the record.  Despite the absence of a cooperation clause in his Plea Agreement, the Government filed a motion for downward departure under 5K1.1 of the guidelines and 18 U.S.C. §3553(e), based on Vasquez's decision to plead first among his co-conspirators.  The Court relied on this motion to both depart below the statutory 120-month minimum as well as to vary below the applicable guideline range.  Vasquez would not have received a sentence of 109 months were it otherwise.  While he may not agree that this departure and variance demonstrated *sufficient leniency*, the Court simply disagrees.  The extent to which any defendant's cooperation warrants a sentencing adjustment belongs to the discretion of the Court, and that is true regardless of the recommendations offered by either defense counsel or the Government.

allegations, when viewed against the files and record, do not state a claim for relief. *See* 28 U.S.C. § 2255(b).

## II. Certificate of Appealability

In dismissing a § 2255 Motion, the Court must address whether Vasquez should be granted a Certificate of Appealability ("COA"). *See* R. 11(a), Rules Governing Section 2255 Proceedings. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met only when the applicant shows that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. MacDaniel,* 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted). Based on the above analysis, the Court finds that reasonable jurists could not find the Court's rulings debatable. Accordingly, the Court DENIES issuance of a COA.

## CONCLUSION

For the reasons stated above, the Court DENIES Vasquez's § 2255 Motion and DENIES a Certificate of Appealability.

The Clerk of the Court shall enter judgment in favor of the United States and close the case file.

IT IS SO ORDERED.

DATED:  February 10, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Vasquez v. USA; CR 13-443; CV 15-482 DKW-KSC; ORDER DENYING VASQUEZ'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE