IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ARMANDO FLORES VASQUEZ,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CR NO. 13-00443-02 DKW<br>CV NO. 16-00117 DKW-KSC<br><br>**ORDER DENYING SECOND PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

**ORDER DENYING SECOND PETITION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Petitioner Armando Flores Vasquez, proceeding *pro se*, again seeks to vacate his sentence for conspiracy to distribute and to possess with the intent to distribute 53 pounds of methamphetamine in violation of Title 21, United States Code, Sections 841 and 846.  Vasquez filed the instant motion pursuant to 28 U.S.C. § 2255 ("Second Section 2255 Motion"), alleging ineffective assistance of counsel, notwithstanding the Court's denial of his prior Section 2255 motion.  Because Vasquez's Second Section 2255 Motion is "second or successive" for purposes of 28 U.S.C. § 2255(h), and he has not obtained the necessary certification from the Ninth Circuit Court of Appeals to proceed under either Section 2255(h)(1) or (2), the Court DENIES his motion without prejudice, and

also DENIES a Certificate of Appealability. Vasquez's motion to proceed without prepayment of fees is denied as moot.

## BACKGROUND

### I. Plea and Sentencing

Vasquez was one of three defendants charged with conspiracy to distribute and to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A). Dkt. No. 1. On December 19, 2013, Vasquez entered a plea of guilty to the charged conspiracy. In his Plea Agreement, Vasquez expressly waived his right to appeal or otherwise challenge his sentence, except under limited circumstances. *See* 2/10/2016 Order at 2 (Dkt. No. 146).

During the December 19, 2013 plea proceeding, Vasquez was represented by counsel and had a Spanish interpreter available. Dkt. No. 140-2. Vasquez acknowledged during the plea colloquy that he understood and had spoken with his attorney about the Plea Agreement. Vasquez further acknowledged that the Plea Agreement reflected his entire agreement with the Government and that the Government had not made any promises to him that were not contained in the agreement. As to his sentence, Vasquez acknowledged that the maximum term of imprisonment was life and that there was a mandatory minimum term of ten years.

The prosecutor made clear that there was no provision in the agreement for cooperation. *See* 2/10/2016 Order at 2-4.

On November 12, 2014, the Court sentenced Vasquez to a term of imprisonment of 109 months. Under the applicable guidelines, and after acceptance of responsibility, Vasquez's Total Offense Level was 31. Vasquez fell into criminal history category II, and the corresponding term of imprisonment under the guidelines was 121 to 151 months. Because the Court granted the Government's motion for a downward departure based upon Vasquez's substantial assistance and Section 5K1.1 of the guidelines, the Court departed below the statutory minimum and accepted the Government's recommendation of a 109-month term of imprisonment. Dkt. No. 102. Judgment was entered on November 14, 2014, and Vasquez did not appeal. *See* Dkt. No. 105; *see also* 2/10/2016 Order at 5.

## II. First Section 2255 Motion

In his First Section 2255 Motion, filed on November 10, 2015, Vasquez asserted three grounds for relief: (1) that his guideline range was incorrectly calculated; (2) that he was promised, but did not receive, leniency; and (3) that he was induced by the Government (via the undercover investigator) to commit the drug offense for which he was charged. Dkt. No. 136. After full briefing, the Court denied his First Section 2255 Motion, finding that Vasquez's collateral

3

attack was barred by the terms of his Plea Agreement's waiver language, and that Vasquez waived his rights knowingly and voluntarily.

The February 10, 2016 Order noted that, during the December 19, 2013 plea colloquy, at the Court's request, the Government specifically described the terms of the Plea Agreement, Vasquez acknowledged that he had read all of the terms of the Plea Agreement, was "confident" that he understood them, and had the opportunity to discuss those terms with his attorney. Defense counsel also confirmed that Vasquez understood the terms of the Plea Agreement, all of which contributed to the Court's finding that Vasquez was entering a "knowing and voluntary plea of guilty to the single count in the indictment without coercion, force, or threat." 2/10/2016 Order at 7-9. The Court then touched on the merits of Vasquez's claims, finding them likewise to be without merit. 2/10/2016 Order at 9 n.2. The Court denied Vasquez's First Section 2255 Motion and denied a certificate of appealability. 2/10/2016 Order at 9-10.

### III. Second Section 2255 Motion

Vasquez filed his Second Section 2255 Motion on March 14, 2016, raising the following grounds: (1) "ineffective counsel"; (2) "defense attorney deceived defendant by promising leniency"; (3) "sentencing disparity"; and (4) "[d]efense attorney deceived defendant." Second Section 2255 Motion at 4-8. Vasquez,

however, did not seek certification from the Ninth Circuit Court of Appeals to proceed under either Section 2255(h)(1) or (2), before filing the instant motion.

## DISCUSSION

### I.   The Court Lacks Authority to Consider the Second Section 2255 Motion

As set forth below, Vasquez's Second Section 2255 Motion is "second or successive" for purposes of Section 2255(h), and the Court is without authority to consider the motion's merits.

The federal habeas corpus statutes prohibit multiple habeas proceedings—

> [a] petitioner is generally limited to one motion under § 2255, and may not bring a "second or successive motion" unless it meets the exacting standards of 28 U.S.C. § 2255(h).  This section provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

*United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (quoting 28 U.S.C. § 2255(h)).  Vasquez points to no newly discovered evidence or new rule of constitutional law applicable to his case, and his Second Section 2255 Motion has not been certified by the Ninth Circuit Court of Appeals.

Vasquez's Second Section 2255 Motion is defective because his present ineffective assistance of counsel claims could have been brought in his First

5

Section 2255 Motion. In fact, the merits underlying his present claims *were* actually addressed by the Court's ruling on his First Section 2255 Motion. For example, Vasquez complains in his Second Section 2255 Motion that the Court did not "have all the correct information on PSI," that "he was promised leniency [and] a deal at sentencing," and "a 2 level reduction," and that his attorney "knew defendant had 2 points . . . if the letter was the same as safety [valve] why did defendant only receive 1 point reduction instead of 2?" *See* Second Section 2255 Motion at 4-8. The Court specifically addressed the merits of these precise contentions in its February 10, 2016 Order denying the First Section 2255 Motion, ruling as follows—

- Vasquez baldly asserts that the Court did not have either the Presentence Investigation Report or his November 5, 2014 Supplemental Sentencing Memorandum at the time of his November 12, 2014 sentencing. *See* Dkt. No. 136 at 5. There is no basis, and certainly no evidence, in support of this statement. To the contrary, the Court had read and considered both at the time of sentencing, and as noted in the sentencing transcript, even considered character reference letters that it had been provided that very day. *See* Gov't Exh. E, Tr. at 24.

- Nor was Vasquez eligible for the safety valve, due in part to his criminal history score of 2. *See* 18 U.S.C. § 3553(f)(1) (requiring that "the defendant . . . not have more than 1 criminal history point"); Gov't Exh. E, Tr. at 3-9. In his § 2255 Motion, Vasquez does not contest his criminal history score and, therefore, whatever other claims he may have had to the contrary, he could not have received a downward adjustment under the guidelines based on the safety valve.

- Vasquez claims that his cooperation did not lead to "leniency." That defies the record. Despite the absence of a cooperation clause in his Plea Agreement, the Government filed a motion for downward departure under 5K1.1 of the guidelines and 18 U.S.C. §3553(e), based on Vasquez's decision to plead first among his co-conspirators. The Court relied on this motion to both depart below the statutory 120-month minimum as well as to vary below the applicable guideline range. Vasquez would not have received a sentence of 109 months were it otherwise. While he may not agree that this departure and variance demonstrated sufficient leniency, the Court simply disagrees. The extent to which any defendant's cooperation warrants a sentencing adjustment belongs to the discretion of the Court, and that is true regardless of the recommendations offered by either defense counsel or the Government.

2/10/2016 Order at 9 n.2.

A motion seeking to add a new ground for relief or attacking the previous resolution of a claim on the merits qualifies as a "second or successive" motion for purposes of Section 2255. A motion that attacks a "defect in the integrity of the federal habeas proceedings," instead of the merits of a claim, may be viewed as seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Vasquez's current claims do not challenge the "integrity" of prior habeas proceedings. *See United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (rejecting ineffective assistance of counsel claims under Rule 60(b)(6) as "second or successive"). To show a "defect in the integrity" of his first Section 2255 proceeding, Vasquez "must point to

something that happened during that proceeding that rendered its outcome suspect." *Id.* He fails to do so here.

In short, the Court lacks the authority to review the merits of the Second Section 2255 Motion. *See* Section 2255(h); *see also* R. 9 Governing § 2255 Cases in the U.S. Dist. Cts. ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").[1] Accordingly, the Second Section 2255 Motion is DENIED without prejudice.

---

[1] Moreover, the Second Section 2255 Petition, filed on March 14, 2016, more than one year after the November 14, 2014 judgment became final, is untimely. When, as in this case, a defendant does not timely appeal his or her judgment of conviction, the judgment becomes final 14 days after the entry of judgment. *United States v. Colvin*, 204 F.3d 1221, 1222 (9th Cir. 2000) ("a judgment becomes final when the time has passed for appealing the district court's entry of the judgment"); Fed. R. App. P. 4(b)(1)(A) (criminal defendant's notice of appeal must be filed in district court within 14 days of entry of judgment). Section 2255(f) outlines the potential deadlines for filing a Section 2255 motion, and the Second Section 2255 Petition is untimely under all of them—it is well past the one-year deadline set forth in Section 2255(f)(1); and Vasquez is not asserting that a governmental impediment prevented him from bringing this motion, that he recently learned new facts that were previously unavailable, or that the law has changed, such that Sections 2255(f)(2)-(f)(4) do not apply. Because the issue has not been briefed, the Court expresses no opinion as to whether Vasquez is eligible for equitable tolling. *See United States v. Castro-Verdugo*, 750 F.3d 1065, 1071 (9th Cir. 2014) ("[A]fter the one-year statute of limitations has passed, we may consider a § 2255 motion to vacate, set aside, or correct a sentence only if the petitioner establishes eligibility for equitable tolling by showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted).

## II. A Certificate of Appealability is Denied

To the extent that this is a "final order," the Court addresses whether to issue a certificate of appealability ("COA"). *See* R. 11(a), Rules Governing Section 2255 Proceedings. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met only when the applicant shows that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. MacDaniel,* 529 U.S. 473, 483-84 (2000) (citation omitted). Based on the above analysis, the Court finds that reasonable jurists could not find the Court's rulings debatable. Accordingly, the Court DENIES issuance of a COA.

## CONCLUSION

The present motion is "second or successive" for purposes of 28 U.S.C. § 2255(h). Vasquez has not obtained the necessary certification from the Ninth Circuit to proceed under either Section 2255(h)(1) or (2). Accordingly, the Court DENIES the Second Section 2255 Motion. This denial, however, is without prejudice to the motion being refiled if Vasquez obtains the necessary certification.

Vasquez's motion to proceed without prepayment of fees is DENIED as moot.

The Court also DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED: March 17, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Vasquez v. USA; CR 13-443; CV 16-117 DKW- KSC; ORDER DENYING SECOND PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE