IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ARMANDO FLORES VASQUEZ,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CR NO. 13-00443-02 DKW<br>CV NO. 16-00117 DKW-KSC<br><br>**ORDER DENYING OMNIBUS MOTION FOR CONSIDERATION AND AUTHORIZATION TO AMEND, CONSOLIDATE AND RECONSIDERATION OF FIRST AND SECOND OR SUCCESSIVE 28 U.S.C § 2255 MOTIONS** |

**ORDER DENYING OMNIBUS MOTION FOR CONSIDERATION AND AUTHORIZATION TO AMEND, CONSOLIDATE AND RECONSIDERATION OF FIRST AND SECOND OR SUCCESSIVE 28 U.S.C § 2255 MOTIONS**

On March 17, 2016, the Court denied without prejudice Petitioner Armando Flores Vasquez's Second Section 2255 Motion because it was "second or successive" for purposes of 28 U.S.C. § 2255(h). Vasquez had not obtained the necessary certification from the Ninth Circuit to proceed under either Section 2255(h)(1) or (2). This denial was without prejudice to the motion being refiled if Vasquez obtained the necessary certification. The Court also denied Vasquez's motion to proceed without prepayment of fees as moot and denied a certificate of appealability.

On April 25, 2016, Vasquez filed a document entitled "Omnibus Motion for Consideration and Authorization to Amend, Consolidate and Reconsideration of First and Second or Successive 28 U.S.C § 2255 Motions," which the Court liberally construes as a motion for reconsideration ("Motion") of the Court's March 17, 2016 Order.  Reconsideration is permitted only where there is "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact."  Local Rule 60.1; *see also School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.") (citation omitted).  A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (quoting *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)).

Having reviewed the motion, the Court finds no newly discovered evidence, no change in controlling law, and no manifest error of fact or law identified by Vasquez. Instead, he asks the Court to re-open closed matters to allow him to amend his First and Second 2255 Motions, to consolidate the motions, and to reconsider the denial of those two motions, based upon a language barrier and his lack of knowledge of the laws. The Court acknowledges that Vasquez is proceeding *pro se*. However, his lack of knowledge of the procedural rules governing Section 2255 petitions is not a sufficient basis to reconsider the Court's prior orders. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)). Nor is his disagreement with the Court's prior orders of dismissal grounds for reconsideration. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005) ("Mere disagreement with a previous order is an insufficient basis for reconsideration. Furthermore, reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision."). Because the Motion presents insufficient grounds for reconsideration of the Court's prior orders, the Motion is DENIED.

To the extent that this is a "final order," the Court addresses whether to issue a certificate of appealability ("COA"). *See* R. 11(a), Rules Governing Section

2255 Proceedings.  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard is met only when the applicant shows that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. MacDaniel,* 529 U.S. 473, 483-84 (2000) (citation omitted).  Based on the above analysis, the Court finds that reasonable jurists could not find the Court's rulings debatable.  Accordingly, the Court DENIES issuance of a COA.

   IT IS SO ORDERED.

   DATED:  April 28, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Vasquez v. USA; CR 13-443; CV 16-117 DKW- KSC; ORDER DENYING OMNIBUS MOTION FOR CONSIDERATION AND AUTHORIZATION TO AMEND, CONSOLIDATE AND RECONSIDERATION OF FIRST AND SECOND OR SUCCESSIVE 28 U.S.C § 2255 MOTIONS